IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFONSO PERCY PEW | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-713 |
| | : | |
| JOHNSON CONTROLS, INC., et al. | : | |

**<u>MEMORANDUM</u>**

**Judge Juan R. Sánchez**                                                    **March 31, 2026**

Pro se Plaintiff Alfonso Pew, an inmate at State Correctional Institution (SCI) Phoenix, brings this action under 42 U.S.C. § 1983 against Defendants Johnson Controls, Inc. ("JCI"), York International Corporation ("York"), Ainsworth, and Wiegmann & Associates, Inc. He alleges that problems with the prison's ventilation system caused him physical injuries. Defendants JCI and York, joined by Ainsworth, move to dismiss Pew's Amended Complaint. Because the Amended Complaint does not plausibly allege either deliberate indifference by Defendants or action under color of state law, and because the claims are untimely, the motion will be granted and the Amended Complaint will be dismissed.

**BACKGROUND**

Pew alleges SCI Phoenix used a computerized HVAC system that did not work properly. Am. Compl. ¶¶ 2-6, Dkt. No. 14. He says the system sometimes shut off air in warm weather, failed to provide heat in winter, and allowed dirty vents, leaks, mold, bacteria, asbestos, and Legionnaires' disease risk to persist. *Id.* ¶¶ 5, 8-16. He also alleges he has several medical conditions, including diabetes, kidney disease, hyperlipidemia, and idiopathic thrombocytopenic purpura, that made those conditions more dangerous for him. *Id.* ¶ 21.

The Amended Complaint attaches an exhibit showing SCI Phoenix acknowledged Pew's grievance and HVAC System problems on August 4, 2022. Ex. B, Dkt. No. 14 at 15. Another

exhibit reflects Pew's position that the same problems had been ongoing since 2022. Ex. C, Dkt. No. 14 at 16. A Pennsylvania Department of Corrections Right-to-Know response dated October 23, 2024 identifies Ainsworth as the contractor for "Mechanical Service for HVAC equipment" and "Johnson Controls-York" as the contractor for "Electronic Control." Ex. Q,  Dkt. No. 14 at 32. The allegations added in the Amended Complaint, paragraphs 23 through 36, concern Wiegmann and do not materially expand the factual allegations against JCI, York, or Ainsworth.

This case began in state court. Pew filed a pro se complaint in the Montgomery County Court of Common Pleas against JCI, York, and Ainsworth on January 14, 2025. Ainsworth removed the case to this Court on February 10, 2025. JCI and York then moved to dismiss the original complaint, and Ainsworth joined that motion. On May 28, 2025, the Court granted Pew leave to amend. Pew filed an amended complaint on June 9, 2025, adding Wiegmann as a new defendant.[1] On June 23, 2025, JCI and York moved to dismiss the Amended Complaint. On July 1, 2025, the Court granted Ainsworth's request to join the JCI and York's motion to dismiss.

**LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In evaluating the motion, the court must separate the legal and factual elements of the

---

[1]    On August 6, 2025, the Court ordered Pew to serve Wiegmann. Dkt. No. 27. Wiegmann has not appeared in this case and Pew has yet to file proof of service.

plaintiff's claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court accepts well-pleaded facts as true and draws reasonable inferences in the nonmovant's favor, but it does not credit legal conclusions. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010).

Where a plaintiff is pro se, a court is to construe the allegations liberally, applying the "relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). While this standard affords pro se litigants some flexibility, they must still allege sufficient facts to support their claims. *Vogt*, 8 F.4th at 185. Courts are not tasked with acting "as an advocate to identify any possible claim that the facts alleged could potentially support." *Doe v. Allegheny Cnty. Hous. Auth.*, Civ. No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024).

**DISCUSSION**

The Amended Complaint fails to state a Section 1983 claim against the Defendants. To state a claim under Section 1983, a plaintiff must allege that a defendant deprived him of a federal right while acting under color of state law. *Matrix Distributors, Inc. v. Nat'l Ass'n of Boards of Pharmacy*, 34 F.4th 190, 195 (3d Cir. 2022). To the extent Pew invokes Article I, section 13 of the Pennsylvania Constitution, Section 1983 does not create a cause of action for alleged violation of state constitutional law.

Pew's federal theory appears to rest on the Eighth Amendment. An Eighth Amendment prison conditions claim requires facts showing the defendant knew of and disregarded a substantial risk of serious harm. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 131-33 (3d Cir. 2001). The Amended Complaint does not do that as to JCI, York, and Ainsworth. It never explains what duties those defendants actually had at SCI Phoenix, what each one personally did or failed to do, when each one learned of Pew's situation, or what authority each one had to fix the problem. The Right-to-

Know response identifies Ainsworth as a mechanical-service contractor and JCI and York as electronic-control contractors. That may suggest a business relationship with the prison, but it does not plausibly suggest deliberate indifference to a serious medical or safety risk. At most, the Amended Complaint suggests malfunction, poor maintenance, or negligence. That is not enough. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (finding that "deliberate indifference entails something more than mere negligence"). Even read liberally, the Amended Complaint does not connect JCI, York, or Ainsworth to facts showing the culpability required by the Eighth Amendment.

The Amended Complaint also does not plead state action. Private conduct is not actionable under Section 1983 unless it is fairly attributable to the state. *Leshko v. Servis*, 423 F.3d 337, 339-40 (3d Cir. 2005). The Third Circuit generally asks "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; [or] (3) whether the state so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (cleaned up).

The Amended Complaint does not allege facts satisfying any of those tests. It alleges only that JCI, York, and Ainsworth were private contractors associated with electronic controls or mechanical HVAC service at SCI Phoenix. A private company does not become a state actor merely by contracting with the state. *See Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159, 165 (3d Cir. 2001) (finding that private school for juvenile sex offenders was not a state actor based solely on a contract between school and the state). And although private entities performing prison-related work may in some circumstances act under color of state law, Pew alleges no facts showing that

4

these Defendants exercised delegated penological authority, acted jointly with prison officials in the challenged conduct, or engaged in conduct otherwise fairly attributable to the Commonwealth. Operating or servicing a prison ventilation system is not, without more, a function traditionally and exclusively reserved to the state. The Amended Complaint also pleads no facts showing coercion, joint action, interdependence, or delegated authority sufficient to turn JCI, York, or Ainsworth into state actors. The Amended Complaint, therefore, fails to state a Section 1983 claim on the merits.

The claims are also untimely. Section 1983 borrows Pennsylvania's two-year limitations period for personal-injury claims. 42 Pa. Cons. Stat. § 5524; *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). Federal law controls when the claim accrues. *Kach*, 589 F.3d at 634. A Section 1983 claim accrues "when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (quoting *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998)). Untimeliness may be resolved on a Federal Rule of Civil Procedure 12(b)(6) motion when it is clear from the pleadings. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

Here, the exhibits to the Amended Complaint show that by August 4, 2022, Pew had identified the HVAC conditions he now challenges and had connected those conditions to the harm he claims to have suffered. He further alleges the same basic conditions continued through later grievances in 2022, 2023, and 2024. The pleading does not identify a distinct later-accruing injury attributable to JCI, York, or Ainsworth. Instead, it describes an ongoing course of the same allegedly dangerous conditions known to Pew since August 4, 2022. Pew, however, did not file his original complaint in state court until January 14, 2025. Even giving him the benefit of the prisoner mailbox rule and using the earliest handwritten date on the complaint—August 28,

5

2024—that date still falls more than two years after August 4, 2022. Based on his own allegations, Pew knew of the claimed injury and linked it to the ventilation system outside of the limitations period. Nothing in the Amended Complaint suggests a basis for tolling. The claims are therefore time-barred.

The Amended Complaint will be dismissed with prejudice as to Defendants JCI, York, and Ainsworth. Ordinarily, a district court should allow a curative amendment unless amendment "would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Further amendment here would be futile. Pew already amended once after Defendants challenged the original complaint. The amended pleading did not cure the deficiencies as to state action, deliberate indifference, or timelines. Because another amendment would not fix those defects, dismissal with prejudice is warranted.

**CONCLUSION**

Because the Amended Complaint does not plausibly allege that JCI, York, or Ainsworth acted under color of state law or were deliberately indifferent to a substantial risk of serious harm, and because the claims against those Defendants are untimely, the Court will grant the motion to dismiss. The Amended Complaint will be dismissed with prejudice as to Defendants JCI, York, and Ainsworth.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.
